# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MOHAMED SIDDIQUI,<br>    Plaintiff, | |
| v. | CAUSE NO. 2:20-CV-188-JPK |
| LAFAYETTE BANK AND TRUST,<br>    Defendant. | |

## OPINION AND ORDER

On May 6, 2020, Plaintiff Mohamed Siddiqui, an immigrant detainee, filed a complaint [DE 1] alleging that Defendant Lafayette Bank and Trust a/k/a First Merchants Bank will not release his funds to him. On October 23, 2020, Defendant responded with a Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 13] asking that the case be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). To date, Plaintiff has not responded to Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion [DE 13] is **GRANTED**, and this case is **DISMISSED**.

Federal courts are courts of limited jurisdiction, and "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006). In order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must therefore demonstrate federal subject matter jurisdiction based on either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

For this Court to have federal question jurisdiction over this action, Plaintiff must allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But Plaintiff has not identified any constitutional provision or federal statute as a basis for his claim. Moreover, while the Court has "a special responsibility to construe *pro se* complaints

liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim," the Court "is not to become an advocate." *Kiebela v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996)). Thus, the Court is "not charged with seeking out legal 'issues lurking within the confines' of the *pro se* litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the *pro se* litigant or to decide the unraised issues.'" *Id*. (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982)). As noted, Plaintiff has not responded to Defendant's Motion to Dismiss,[1] and even with the benefit of a liberal construction, his filings to date fail to demonstrate any federal claim to support federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff must therefore demonstrate jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

For the Court to have diversity jurisdiction over this action, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332. Citizenship of a natural person for purposes of diversity jurisdiction is determined by domicile, meaning "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996) ("'Citizenship' for purposes of § 1332 means domicile rather than residence"). Although Plaintiff is currently detained in Minnesota, he identifies his address as being in Lafayette, Indiana, and has stated that he lives in Lafayette, Indiana. (ECF No. 1-1). Moreover, "since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile;

---

[1] Because there are other grounds for granting Defendant's Motion to Dismiss as explained herein, the Court does not rely on Plaintiff's failure to respond to it, but notes that the failure to respond alone could allow the Court to summarily rule on the Motion to Dismiss. N.D. Ind. L.R. 7-1(d)(5).

hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991).[2]

Given these holdings and Plaintiff's allegation that he lives in Indiana (ECF No. 1-1), the current record indicates that Plaintiff is a citizen of Indiana for purposes of diversity jurisdiction, notwithstanding his detention in Minnesota. In any event, Plaintiff has failed to demonstrate domicile (and in turn citizenship) outside of Indiana. Additionally, both parties' filings also state that Defendant is a bank located in Indiana. (ECF Nos. 1, 13). Pursuant to 28 U.S.C. § 1348, national banking associations are "deemed citizens of the States in which they are respectively located." Defendant is therefore deemed a citizen of Indiana as well. Thus, because the current record indicates that both parties are Indiana citizens, Plaintiff has similarly failed to demonstrate jurisdiction based on diversity of citizenship.[3] Plaintiff has therefore failed to establish this Court's subject matter jurisdiction based on either a federal question or diversity of citizenship, and this Court is obliged to dismiss this action for lack of subject matter jurisdiction over Plaintiff's case.

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 13] is **GRANTED**, and this action is **DISMISSED**.

So ORDERED this 23rd day of December, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[2] *See also Denlinger,* 87 F.3d at 216 (same, quoting *Sullivan*); *Singletary v. Cont'l Ill. Nat'l Bank and Tr. Co. of Chi.*, 9 F.3d 1236, 1238 (7th Cir. 1993) (rejecting inmate's state of incarceration as "the state of his citizenship for purposes of diversity jurisdiction": "It should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state.").

[3] The Court need not address the amount in controversy requirement for diversity jurisdiction, but acknowledges a potential dispute on the issue. Although the bank account at issue has a balance of only $3,145.93 (ECF No. 13-1), Plaintiff has purported to make demands for $50,000.00 for "emotional suffering" and $100,000,00 for "emotional pain" and "emotional abuse" suffered by Plaintiff and his family. (ECF No. 1, ¶ 6; ECF No. 1-3, ¶ 6; ECF No. 19). The Court expresses no view, however, regarding Defendant's contentions that these demands may not be considered for purposes of meeting the required jurisdictional amount. (ECF No. 13, ¶¶ 14-24).